IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs
**1) JOSIAS PAYANO-MANZUETA**
2) FRANCIS JIMENEZ-PAULINO
Defendants

CRIMINAL 13-0184-01CCC

**ORDER STATING REASONS FOR FED. R. CRIM. P. 29 DENIAL AT CLOSE OF EVIDENCE ON OCTOBER 31, 2016**

Upon the close of all the evidence, defendant [1] Josías Payano-Manzueta renewed his Fed. R. Crim. P. 29 motion. At the time of its denial in open court the undersigned stated and reiterated that the issue of whether defendant knew that the black suitcase which he placed on the x-ray belt for inspection at the JetBlue terminal at checkpoint 5 of the Luis Muñoz Marín airport on March 10, 2013 is an issue for the jury to decide. In so ruling, the undersigned stated that that determination involved a credibility assessment.

The Court now, having reviewed the testimony of the government witnesses and of defendant Payano-Manzueta, summarizes, for purposes of clarity, the circumstantial evidence that establishes that defendant was aware of the illegal contents of the suitcase at the time of his detention at the airport on March 10, 2013 which led to the denial of his Rule 29 motion.

Whether defendant knew that the suitcase he possessed at the time of his arrest at the JetBlue terminal checkpoint 5 contained cocaine is for the jury to assess as ruled by the Court in disposing of the Rule 29 motion. The following is direct and circumstantial evidence of defendant's knowledge:

CRIMINAL 13-0184-01CCC             2

(1)     The substance was found in <u>one of two</u> bags that defendant himself carried and placed on the conveyor belt at checkpoint 5 of the Jet Blue terminal at the LMM International Airport on March 10, 2013.  One was a black "TCL" suitcase marked as government's Exhibit 1 without objection.  The other was a small bag that defendant described as a shoulder duffel-type bag.  Daniel Barbosa, the TSA officer who was on duty, observed defendant place both items on the belt.

(2)     While the TSA official observed the image of the bigger suitcase, he observed that it contained six suspicious masses inside and sent it for secondary inspection.  He testified that when he first detected bundles he did not know what the bundles were but that arouse his suspicion.  From the x-ray machine there was a clear view that there were six bundles.  He then called another officer to grab the bag for secondary inspection and was present for part of the secondary inspection.  TSA Officer Barbosa testified the bundles were not right on top.  The inspecting officers went through the contents of the suitcase.  When he arrived at the secondary inspection area he testified that he saw one bundle in the hand of TSA agent Luz Díaz and that there were shoes and clothes.  He testified that he went towards Agent Díaz to assist her and she showed him the bag at the secondary inspection area.

(3)     Defendant Payano's stipulation with the United States read to the jury (d.e. 202) filed on October 24, 2016 at paragraph 2 unequivocally states that the 3471 grams gross weight of block-shaped packages received by the Senior Forensic Chemist who lab-tested them were "seized on March 20, 2013 by law enforcement authorities from the carry-on luggage of Josías Payano Manzueta."

CRIMINAL 13-0184-01CCC          3

    (4)  The government's second trial witness, U.S. Customs and Border Protection Supervisor Javier A. Barreto, testified that he was working at the LMM airport on March 10, 2013.  He testified that he assisted the TSA checkpoint and saw defendant standing at the secondary inspection area where he was detained because his bag contained some six packages.  According to his testimony, he observed defendant standing by the inspection table, the black suitcase on the left side and a TSA tray on the right side with six packages.  He identified Exhibit 1 for the government as the black suitcase that was on the left side.  He testified that he was with one of his K-9 officers and the dog alerted to the odor of narcotics after which they transported defendant Payano, the suitcase and the packages to the Customs' enclave.  He described six plastic, like Ziploc small packages, on the TSA tray.  He took defendant over to the Customs area where the substance was field tested in his presence and tested positive to cocaine.  They took possession of the documents that he had with him and the suitcase.  The defendant's boarding pass was admitted as Exhibit 5 and the suitcase had been admitted at the beginning of trial, without objection, as Exhibit 1.  Exhibits 3A and 3B were described by him as a total of six bricks that tested positive to cocaine.  He described Exhibit 1 for the government as the suitcase that was taken from the defendant.  He testified as did the first government witness that this bag was on the left side of the table, that defendant Payano was standing in the middle and on the right side there was a tray used by TSA to inspect.

    (5)  Defendant testified that on March 10, 2013 he arrived at the LMM airport around 9:30 PM to fly to New York; that he was taking to New York two bags, a red backpack and a black suitcase; that when he was dropped at the airport the suitcase was given to him; that he took this suitcase

CRIMINAL 13-0184-01CCC            4

through the airport; that he passed it through the USDA checkpoint, it went through without delay, he picked it up, went to get his boarding pass at the counter and on to the next checkpoint to get on the plane. He also testified that when the suitcase went by it was stopped on the belt; that he put both the shoulder bag and the black bag on the belt and "the black bag was stopped." He was asked and granted permission to open it, and TSA officers opened the suitcase and started to take clothing out of it, and in one of those clothing items there was a white package inside a bag.

(6)    He further testified on direct that when he was asked what it was, he told them "it must be cheese, I believed it was cheese because when you travel you put cheese inside a bag so it doesn't leak." At trial, he testified "the black bag was not mine; it was Edward's, the one who handed me the suitcase . . . . when I got to the airport." He also testified at trial that while they took the packages out of the suitcase he was in front of the officers, that a woman took the packages out of his bag, that they brought a little cup with a liquid and a needle, stuck it inside the white thing that was there, they put it inside the cup and it turned grey. That he was then placed under arrest, they moved the suitcase further down and brought a dog, and that he told them that he was not the owner, that the cocaine was not his. He was then taken for questioning.

(7)    During the third round of custodial questioning, according to his testimony in direct, he told the officers the name of the person who gave him the suitcase, the address and everything that he knew about the person and that he had been offered to take some money in the suitcase to New York "by a friend, 'Edward,'" who had previously told him that he was going to be paid $1500 and his airfare. Defendant then testified that during this third round of

CRIMINAL 13-0184-01CCC            5

custodial questioning, after having given false answers to the agents, he decided to tell them the truth, that is, that when he was given the suitcase to transport to New York he was told that what was inside was money.

    All of the trial testimony outlined above is before the Jury's consideration on the issue of whether defendant Payano-Manzueta was aware or knew that the suitcase he was carrying on March 10, 2013 and which he placed on the conveyor belt of the TSA checkpoint to be x-rayed contained the cocaine that the United States and defendant have stipulated was seized on March 10, 2013 by law enforcement authorities "from the carry-on luggage of Josías Payano-Manzueta," as stated at paragraph 2 of the parties October 24, 2016 Stipulation read to the jury (d.e. 202).

    SO ORDERED.

    At San Juan, Puerto Rico, on October 31, 2016.

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge